IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HOPE T. NPIMNEE,

           Petitioner,

vs.

SHAUN SETTLES,

           Respondent.

8:24CV130

MEMORANDUM AND ORDER

      This matter is before the Court on the Motion to Preserve Amendments to Habeas Corpus Petition, Filing No. 9; Motion for Leave to File an Amended Petition, Filing No. 12; and renewed Motion to Appoint Counsel, Filing No. 13; filed by Petitioner Hope T. Npimnee ("Petitioner"). Also before the Court are Respondent's Motion to Substitute Party, Filing No. 11, and Motion for Extension of Time, Filing No. 14. Respondent's Motions will be granted.

      Petitioner's Motion to Preserve Amendments and Motion for Leave to File an Amended Petition both seek leave to file an amended petition. *See* Filing No. 9 at 1; Filing No. 12 at 1. For the reasons set forth below, both motions will be granted. Petitioner's Motion to Appoint Counsel will be denied without prejudice.

## I. MOTIONS TO AMEND PETITION

      Rule 15 of the Federal Rules of Civil Procedure governs motions to amend petitions in habeas proceedings. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (stating that Rule 15 is "made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11"). Amendments are allowed one time as a matter of course if the amendment is filed within 21 days of service of a responsive pleading or a Rule 12 motion.

Fed. R. Civ. P. 15(a)(1)(B). Moreover, an amended petition relates back to the date of the original petition when the claims in the original and amended petition arose out of the same "conduct, transaction, or occurrence," Fed. R. Civ. P. 15(c)(1)(B); *see also Mayle*, 545 U.S. at 656, "such that they arise from the same core of operative facts." *United States v. Hernandez*, 436 F.3d 851, 857 (8th Cir. 2006) (quoting *Mayle*, 545 U.S. at 650).

> Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated.

*Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis,* 371 U.S. 178, 182, (1962); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)).

Here, Petitioner seeks to amend his Petition for several reasons. First, Petitioner claims the District Court of Lancaster County, Nebraska, denied Petitioner's motion for postconviction relief, so additional claims became exhausted and available for federal habeas review. Filing No. 12 at 1. Petitioner also asserts that the original form did not provide enough space to present his claims, that "[n]ewly discovered actualy [sic] innocence evidence has surfaced," and, at the time the Motions to Amend were filed, Respondent had not answered or otherwise responded. *Id*. The Court will grant Petitioner's motions and the Court will treat the Amended Petition, Filing No. 15, as the operative petition (hereinafter "Amended Petition").

Because the Court grants Petitioner's Motions, Respondent's Motion to Extend will be granted. The Court will suspend the deadlines set forth in the current Progression Order, Filing No. 8, and will issue a new progression order within this Memorandum and Order.

## II. PRELIMINARY REVIEW OF AMENDED PETITION

The Court also conducts a review of Petitioner's Amended Petition to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. The Amended Petition appears to restate, with different numbering, each of the claims Petitioner asserted in the original Petition. The Amended Petition also asserts several additional claims for habeas relief, including an unnumbered claim of actual innocence. Condensed and summarized for clarity, Petitioner's claims in the Amended Petition are:

Actual Innocence: Petitioner is actually innocent because, on March 25, 2025, S.M. (the victim in Petitioner's underlying criminal case) confessed to Petitioner's father that S.M. lied about allegations of sexual assault to avoid trouble with law enforcement and her boyfriend.

Claim One: Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to raise trial counsel's ineffectiveness for not objecting to the admission of blood alcohol evidence that was authenticated by a police officer.

Claim Two: Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to raise trial counsel's ineffectiveness for not requesting the recusal of Ryan Post.

Claim Three: Petitioner was denied a fair trial because the trial court's jury instruction that S.M. was both incapable of resisting and did not consent was in error and without support.

| | |
|---|---|
| Claim Four: | Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to raise trial counsel's ineffectiveness for not objecting to the prosecutor's use of a slide during closing argument that stated, "DNA was found inside S.M.'s vagina." |
| Claim Five: | Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to raise trial counsel's ineffectiveness in failing to argue that the jury selection in Petitioner's trial was unconstitutional due to the disqualification of non-whites based on their felony status. |
| Claim Six: | Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to raise trial counsel's ineffectiveness in failing to call Nolan Conradt to testify. |
| Claim Seven: | Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to raise trial counsel's ineffectiveness in failing to seek to admit video of S.M.'s interviews from July 9 and July 12, 2021. |
| Claim Eight: | Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to raise trial counsel's ineffectiveness in not asking prospective jurors whether they knew Petitioner personally. |
| Claim Nine: | Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to raise trial |

|  |  |
|---|---|
|  | counsel's ineffectiveness in failing to call Aaron Vigil to testify. |
| Claim Ten: | Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to raise trial counsel's ineffectiveness on direct appeal to preserve several issues for postconviction relief. Specifically, Petitioner argues that appellate counsel failed to preserve and/or support arguments that trial counsel was ineffective for: (a) failing to object to the trial court's jury instruction regarding capability of consent; (b) failing to object to a lack of evidence of S.M.'s severe intoxication; (c) failing to object to instruct the jury on "without consent;" (d) failing to request jury instructions on the defense of consent; (e) failing to inform the court that State v. Johnson was inapplicable to Petitioner's case; (f) failing to rigorously argue "the inconsistencies;" (g) moving for a continuance after Petitioner informed trial counsel that Petitioner did not agree to any continuances or to any speedy trial waiver; (h) failing to investigate and call Aaron Vigil to testify; (i) failing to call Officer Craig Teply as a witness; (j) failing to inform the trial court of a Brady violation and failing to obtain expert testimony to show that YSTR DNA testing was invalid and inadmissible; (k) failing to obtain expert testimony to impeach S.M.'s testimony that Petitioner performed cunnilingus for five minutes; (l) failing to |

5

|  |  |
|---|---|
|  | move to suppress evidence outside the scope of a search warrant and failing to cross examine the lead investigator about inconsistencies in the affidavit supporting the request for the search warrant; (m) conceding at trial that Petitioner performed cunnilingus on S.M.; (n) failing to cross examine Morgan Meyer and Aaron Gose about inconsistencies in S.M.'s allegations; and (o) failing to request the recusal of Ryan Post. |
| Claim Eleven: | Petitioner was denied a fair trial because the trial court erred in unfairly restricting the cross examination of S.M. |
| Claim Twelve: | Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to raise trial counsel's ineffectiveness in failing to argue that the trial court lacked jurisdiction due to "selective prosecution." |
| Claim Thirteen: | The cumulation of all issues show the collective errors were not harmless. |
| Claim Fourteen: | A fundamental miscarriage of justice will occur if the Court fails to address Petitioner's claims on the merits due to procedural bars such as default. |

**Except for the Claims identified below**, the Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether

there are procedural bars that will prevent Petitioner from obtaining the relief sought.

### A. Claim of Actual Innocence

While Petitioner frames his "actual innocence" allegations as an independent claim, Filing No. 1 at 1, "[t]he actual innocence showing excuses a procedural bar. It does not constitute an independent substantive claim." Brian R. Means, *Federal Habeas Manual* § 9B:84 (West 2019) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)); *cf. Rouse v. United States*, No. 20-2007, 2021 WL 4202105, at *4 (8th Cir. Sept. 16, 2021). The Eighth Circuit has specifically noted that "[t]he Supreme Court has not decided 'whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.'" *Feather v. United States*, 18 F.4th 982, 986 (8th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). Although Petitioner's actual innocence claim is not yet cognizable as an independent claim, Respondent should be mindful of and, if necessary, respond to Petitioner's assertions of "actual innocence" based on newly discovered evidence to the extent Petitioner relies on such allegations to excuse any procedural bar.

### B. Claim Ten

Petitioner also seems to list but then abandon several subparts within Claim Ten. Petitioner first concedes that several subparts are meritless. Subpart (c) states, "Trial counsel failed to object to instructing the jury on 'without consent.'" Filing No. 15 at 13. However, in the section Petitioner labels as his "Argument" for Subpart (c), Petitioner "submits there was sufficient evidence of without consent. The issue is meritless." *Id.* Under Subpart (d), relating to trial counsel's failure to request jury instructions on the defense of consent, and Subpart (e), relating to trial counsel's failure to assert that "State v. Johnson" was not applicable, Petitioner submits that both

7

issues are "harmless and meritless." *Id.* Under Subpart (f), arguing that trial counsel "failed to rigorously argue the inconsistencies," Petitioner "submits arguing against poor trial strategy is a great burden and therefore concedes the issue is meritless." *Id.* Petitioner appears to explicitly concede or abandon the claims in each of these Subparts. Accordingly, Respondent need not respond to Subparts (c), (d), (e), or (f) of Claim Ten and the claims in these Subparts are dismissed.

Petitioner next acknowledges that some of the Subparts are addressed in other individual claims. Under Subpart (i), Petitioner asserts that trial counsel was ineffective for failing to interview, depose, and call Aaron Virgil to testify. Filing No. 15 at 15. Petitioner acknowledges that the argument in this Subpart is addressed elsewhere in the Amended Petition, presumably Claim Nine. *Id.* Subpart (o) states that trial counsel was ineffective for failing to request the recusal of Ryan Post. *Id.* at 18. Petitioner acknowledges that the argument in this Subpart is also addressed elsewhere in the Amended Petition, presumably Claim Two. *Id.* Accordingly, Respondent need not respond to Subparts (i) and (o) of Claim Ten because they are duplicative of other independent claims.

## C. Claims Thirteen and Fourteen

Claims Thirteen and Fourteen are not cognizable as independent federal habeas claims. Claim Thirteen asserts that the "combination of all issues result in cumulative error that was not harmless but prejudicial necessitating reversal of the conviction." Filing No. 15 at 20. Claim Fourteen asserts that a miscarriage of justice would occur if the Court fails to address the merits of Petitioner's habeas claims because of procedural bars. *Id.* Both Claims are merely arguments to support Petitioner's other habeas claims or to excuse any procedural defaults. Accordingly, they are not cognizable as independent

habeas claims and are dismissed. *See Martinez v. Whitmire*, No. 8:20CV271, 2025 WL 870083, at *8 (D. Neb. Mar. 20, 2025).

### III. MOTION TO APPOINT COUNSEL

Petitioner files a renewed motion for appointment of counsel, arguing that appointment is appropriate due to his actual innocence claim and the legal complexities raised in the several new issues. Filing No. 13. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court finds there is no need for the appointment of counsel at this early stage in the proceedings as Respondent has not yet addressed the Petition. The motion for counsel shall therefore be denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Preserve Amendments to Habeas Corpus Petition, Filing No. 9; and Motion for Leave to File an Amended Petition, Filing No. 12; are granted, and the Court will treat the Amended Petition, Filing No. 15, as the operative petition.

2. Upon initial review of the habeas corpus petition, Filing No. 15, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal

court.  **Subparts (c), (d), (e), and (f) of Claim Ten and Claims Thirteen and Fourteen are dismissed.**

3. By **July 14, 2025**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **July 14, 2025**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

10

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.    By **July 14, 2025**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be

       contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner

      must not submit any other documents unless directed to do so by the Court.

E.   No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.   The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **August 12, 2025**: check for Respondent's answer and separate brief.

6. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

7. Respondent's Motion to Substitute Respondent, Filing No. 11, is granted. The Clerk's office is directed to update the Court's records to reflect that Rob Jeffreys is the proper respondent in this action.

8. Respondent's Motion for Extension of Time, Filing No. 14, is granted as set forth in this Memorandum and Order.

9. Petitioner's motion seeking the appointment of counsel, Filing No. 13, is denied without prejudice.

Dated this 29th of May, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge